MARIA ARAÚJO KAHN, Circuit Judge, concurring in part and dissenting in part:

The majority opinion persuasively explains why the requested change-of-address ("COA") data for sale as part of the Population Mobility Trends product is a valuable commodity that is "of a commercial nature," and would not otherwise be disclosed "under good business practice." *See* Majority Op. at 21–29. Accordingly, I join the majority in affirming the district court's judgment as to that data. However, I respectfully dissent from Section II.B.2 of the majority opinion to the extent it addresses the COA data requested by the Appellants that is not available as part of the Population Mobility Trends product.[1] I would remand for the district court to determine—with the benefit of additional briefing—whether the data not included within the Population Mobility Trends Product would ordinarily be disclosed "under good business practice." 39 U.S.C. § 410(c)(2).

---

[1] My dissent extends to footnote three on page twenty-six of the majority opinion, which briefly addresses the arguments set forth in this opinion. As explained *infra*, if the requested COA data that is unavailable through the Population Mobility Trends product would not ordinarily be disclosed "under good business practice," 39 U.S.C. § 410(c)(2), then Exemption #3 does not apply to that data. In that case, the policies behind the Postal Reorganization Act would not supplant the interests animating the Freedom of Information Act ("FOIA"). Indeed, FOIA would require disclosure. *See Jabar v. U.S. Dep't of Just.*, 62 F.4th 44, 49 (2d Cir. 2023) (per curiam). Accordingly, my dissent is concerned with ensuring that Exemption #3 applies to all COA data requested by the Appellants, including the data not for sale as part of the Population Mobility Trends product.

The Population Mobility Trends product allows a licensed user to purchase some, but not all, of the COA data requested by the Appellants. For every ZIP code, the product offers users the most popular locations to which individuals, families, and businesses moved, providing ZIP codes for the top three destinations within the county, within the state but outside the county, and outside the state (for a total of nine ZIP codes). In doing so, Population Mobility Trends combines movement data with demographic information to deliver an anonymized impression of the people and entities relocating throughout the county, state, and country. As relevant to the Appellants' instant Freedom of Information Act ("FOIA") requests, the product does not offer migration information for destination ZIP codes beyond the aforementioned "top three" categories or for destination ZIP codes with fewer than 11 COA requests within the past year. It is this data, which is no longer accessible (even from behind a paywall), that I am concerned may ordinarily be disclosed "under good business practice." 39 U.S.C. § 410(c)(2).

The majority opinion is certainly correct that, "a private business would not give away for free the information that it was also attempting to sell." Majority Op. at 26. But that is not necessarily true of information that is not for

sale. At oral argument, the government conceded that, "to the extent the data is not being sold commercially, . . . I don't think we would have a basis to assert Exemption 3 over that data. Again, assuming it is not being offered for sale." Oral Arg. Audio Recording at 27:47–28:05. And, as explained above, this data is not included for sale in the Population Mobility Trends product.

It may be that providing this subset of omitted data would undermine the commercial viability of Population Mobility Trends. It is unclear, however, that the record supports that conclusion. The declarations of Jeffrey Tackes, USPS's Director of Digital Business Services, only briefly—and broadly—address this subject. Tackes notes that "[p]ublicly releasing the requested COA data sought by the FOIA Requests will provide information and insights to marketplace data providers, data aggregators and data solutions that will harm USPS's ability to license this data for its full commercial value." J. App'x 38. It is clear why his statement is true for the COA data included in Population Mobility Trends, but it is less obvious why the same rationale extends to the COA data that is not. Accordingly, additional briefing is necessary to clarify the issue.

To be clear, my interest in this data is not merely academic. If this portion of the COA data is not exempt from disclosure pursuant to Exemption 3, then

FOIA demands disclosure.  *See Jabar v. U.S. Dep't of Just.*, 62 F.4th 44, 49 (2d Cir. 2023) (per curiam) (emphasizing that agencies must disclose requested documents that fall outside of an enumerated exemption).

Thus, while I join the majority opinion in full as to the data included in the Population Mobility Trends, I respectfully dissent from Section II.B.2 of the majority opinion to the extent it addresses the requested COA data that is unavailable through Population Mobility Trends.  Moreover, I would hold that remand is required for the district court to assess whether that unavailable information would ordinarily be disclosed "under good business practice."  39 U.S.C. § 410(c)(2).